THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAENLEIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22 cv 2849 |
| vs. | ) ) ) ) | Hon. Judge Manish S. Shah |
| REMINGTON SEEDS, LLC, | ) ) | |
| Defendant. | ) ) | |

### AGREED ORDER GRANTING PRELIMINARY APPROVAL

The Court, having considered the parties' Settlement Agreement and Release including all attached exhibits ("Settlement Agreement"), and all other materials properly before the Court, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Order Granting Preliminary Approval") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiff, the Class Members, and Remington Seeds, LLC.

3. The Court finds on a preliminary basis only that the Settlement memorialized in the Settlement Agreement, filed with the Court, is in the best interest of Class Members, in light of the factual, legal, practical, and procedural considerations raised, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate.

4. The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel well-versed in the prosecution and defense of class actions and claims under the Illinois Biometric Information Privacy Act ("BIPA").

5. The Court grants preliminary approval of the Settlement Agreement. The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

A. **Certification of the Proposed Class for Settlement Purposes Only**

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), a class of all persons who, using their finger, registered to use an alleged "biometric" timekeeping system while working for Defendant in Illinois from April 22, 2017 through the date the Court enters an order preliminarily approving the Settlement Agreement, except that any individual who timely and properly submitted or submits a valid request for exclusion shall not be included in the Class.

7. The Court appoints, for settlement purposes only, Plaintiff Michael Haenlein as class representative.

8. For settlement purposes only, Plaintiff meets all of the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

B. **Appointment of Plaintiff's Counsel as Class Counsel**

9. For settlement purposes only, the Court appoints Brandon Wise, Paul Lesko, and Adam Florek of Peiffer Wolf Carr Krane Conway & Wise, LLP, 818 Lafayette Ave., Floor 2, St. Louis, MO 63104 ("Plaintiff's Counsel") as Class Counsel because they meet all of the

requirements for appointment as class counsel under Rule 23 of the Federal Rules of Civil Procedure.

**C.    Notice**

10.    A Claims Administrator shall be selected pursuant to the terms of the Settlement Agreement to perform the duties set forth in the Settlement Agreement.

11.    The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore are sufficient and meet the requirements of due process; and directs the sending of the Notice in accordance with the Settlement Agreement, such that the Settlement Agreement and Final Order and Judgment will be binding on all Class Members (who do not properly exclude themselves pursuant to the procedures in the Settlement Agreement).

12.    The Court approves, as to form and content, the Notice attached to the Settlement Agreement as Exhibit A (subject to the changes to the Notice directed in the Court's Order of October 11, 2022 (Dkt. # 23)).  The Claims Administrator is authorized to send the Notice, after it is updated with the appropriate dates and deadlines consistent with the Settlement Agreement, to the applicable Class Members as provided in the Settlement Agreement.  The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update it for purposes of accuracy or formatting.

13.    The Notice adequately puts Class Members on notice of the proposed settlement. The Notice is appropriate because it describes the terms of the Settlement, informs the Class Members about the allocation of attorneys' fees and other costs and expenses, and provides specific information regarding the date, time, and place of the Fairness Hearing.

14. Any Opt-Out Statement must be sent to the Claims Administrator no later than sixty (60) days after the Notice is sent to the Class Members and must comply with the procedures for opting out set forth in the Settlement Agreement. No person may request to be excluded (or to exclude others) through "mass" or "class" opt-outs. The Claims Administrator will provide any such Opt-Out Statements to Class Counsel for filing with the Agreed Motion for Judgment and Final Approval.

15. Any written objection to the Settlement by a Class Member must also comply with this sixty (60) day deadline and the procedures for objecting set forth in the Settlement Agreement.

16. Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of claims set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion in a timely and proper manner as set forth in the Settlement Agreement and this Order. Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against Defendant or the Releasees relating to the claims released under the Settlement Agreement.

D. **Class Action Settlement Procedure**

17. The Court hereby adopts the settlement approval process as set forth in the Settlement Agreement.

18. In the event that the Effective Date as defined in the Settlement Agreement does not occur, the Settlement, the Settlement Agreement, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the non-admission provision in Paragraph 3.9 of the Settlement Agreement, which shall remain in effect. In such case, nothing in the

Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission of liability or that class action certification is or may be appropriate in this action or in any other matter.

19. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiff and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this Litigation; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or a class or collective action basis any action, claim or proceeding against Defendant or Releasees in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

20. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

21. Class Counsel shall file their request for fees and costs pursuant to the Settlement Agreement no later than 21 days before the Opt-Out Deadline.

22. The Court will conduct a Fairness Hearing on March 3, 2023 at 11:00 a.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Enhancement Award to Plaintiff; (c) hearing any timely and properly filed objections; and (d) entering Final Order and Judgment. The Fairness Hearing may be continued without further notice to Class Members.

23. All discovery and other proceedings are stayed until further order of Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

24. Pursuant to the Court's November 3, 2022 Order (Dkt. # 26), deadlines for settlement administration are as follows:

- Notice List to Claims Administrator = October 28, 2022.
- Notice to issue = November 18, 2022.
- Petition for attorneys' fees and costs/expenses and for Enhancement Award = December 27, 2022.
- Opt-Out Deadline = January 17, 2023.
- Objection Deadline = January 17, 2023.
- Deadline for Agreed Motion for Judgment and Final Approval = February 1, 2023.
- Final Approval Hearing = March 3, 2023.

IT IS SO ORDERED.

DATED: November 4, 2022

_____
Manish S. Shah, U.S. District Judge