## UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF ILLINOIS

**Michael Haenlein**, *Individually and on behalf of all others similarly situated,*

*Plaintiff,*

v.

**Remington Seeds, LLC**,

*Defendant.*

Case No: 1:22-cv-02849

## PLAINTIFF'S PETITION AND MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND COSTS AND AN INCENTIVE AWARD TO PLAINTIFF

Plaintiff Michael Haenlein ("Plaintiff"), individually and on behalf of the purported class, respectfully moves the Court for an award of attorney's fees, costs, and an incentive award, styled an *Enhancement Award* in the Settlement, to the named Plaintiff. In support of his Motion, Plaintiff states as follows:

## INTRODUCTION

Michael Haenlein brought a putative class action on April 22, 2022, against Remington Seeds, LLC ("Defendant"), asserting claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1, *et seq.* Defendant has denied and continues to deny these allegations, the violation of any law, and any and all liability. The parties have reached a the preliminarily approved settlement that provides all Class Members with the ability to receive a share of the proposed Settlement Fund. *See* Settlement Agreement And Release (the "Settlement Agreement"), attached hereto as Exhibit 1. The Settlement Agreement provides significant relief to an estimated 418 individuals comprising the class and establishes a cash settlement fund in the amount of $376,200.00, from which Class Members who do not exclude themselves from the Class will be compensated.

1

On October 11, 2022, the Court preliminarily approved the Settlement and on October 25, 2022, the Agreed Order granting Preliminary Approval was entered allowing, *inter alia*, the Settlement Administrator to effectuate Notice in accordance with the Settlement. Mr. Haenlein now petitions the Court for an award of Attorney's fees, reimbursement of litigation costs, and an incentive award ahead of the Court's January 25, 2023 Final Approval Hearing.

## **BACKGROUND**

### A.    **BIPA**

The Illinois Biometric Information Privacy Act is an Illinois statute that provides individuals with certain protections for biometric data covered by the statute. To effectuate its purpose, BIPA requires private entities that seek to use biometric identifiers (*i.e.*, hand geometry or fingerprint) and biometric information (any information "based on an individual's biometric identifier used to identify an individual") to, in general:

1.    Inform the individual in writing that biometric identifiers and/or biometric information will be collected, stored, used, or disseminated;

2.    Inform the individual in writing of the specific purpose and length of time for which such biometric identifiers and/or information is being collected, stored, used, and disseminated;

3.    Obtain a written release from the individual allowing the capture, collection, storage, use, and dissemination of their biometric identifiers and/or information; and

4.    Publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and/or information.

740 Ill. Comp. Stat. § 14/10, 15.

BIPA was enacted in large part to protect certain individual biometric data, provide individuals with a means of enforcing their statutory rights and protecting biometric information, and regulate the practice of collecting, using, and disseminating such sensitive information.

### B.    **Procedural History**

2

Plaintiff filed his Class Action Complaint in the Circuit Court of Cook County on April 22, 2022. In his Complaint, Mr. Haenlein alleges that Defendant utilizes biometric timekeeping devices at its location in Illinois and that its employees used the devices when clocking into and out of work. Plaintiff alleged that Defendant failed to comply with BIPA by: (1) failing to inform individuals in writing that it will be capturing, collecting, storing, using, and disseminating biometric data (*i.e.*, statutorily-defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to publish a publicly available retention schedule and guidelines for permanently destroying biometric data. On May 31, 2022, Defendant timely removed the suit to this Court; Plaintiff declined to challenge such removal and on June 6, 2022, the parties moved to stay the litigation pending the outcome of settlement discussions.

At the same time this case was removed to federal court, the parties began exploring the possibility of an early resolution. By on or around June 25, 2022, the Parties had reached a settlement in principle and thereafter, expended considerable efforts further negotiating specific terms of the Settlement, including the form of notice provided to Class Members, the scope of the release, the Preliminary Approval Order, confidentiality, and settlement benefits. These extensive negotiations culminated in the Settlement Agreement for which the Parties now seek preliminary approval, attached hereto as Exhibit 1.

After the Settlement had been reduced to writing the Plaintiff filed his Unopposed Motion and Memorandum in Support of Preliminary Approval Of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(e) on October 7, 2022. Following review by the Court, the Court entered Preliminary Approval on October 11, 2022. Shortly thereafter, on November 3,

2022, Plaintiff filed his Unopposed Renewed Motion For Preliminary Approval And Motion To Modify Agreed Order Granting Preliminary Approval seeking additional time for Defendant to effectuate the Notice required by 28 U.S.C. § 1715(b) and (d), which was granted on November 3, 2022. Thereafter, on November 18, 2022, the Settlement Administrator began to effectuate Notice by e-mail and sbeen in the process of administering the Notice Plan since.

## ARGUMENT

Pursuant to the Court approved Notice Plan, the Notice has been sent to the Settlement Class Members. The Notice clearly provided that Plaintiff would seek an incentive award, styled an *Enhancement Award* in the Settlement Agreement, Settlement, at § 3.3, and that Plaintiff's Counsel would seek to recover their attorneys' fees and litigation costs, Id. at § 3.2. Settlement, Ex. A, Notice, p. 1-2. As explained below, the Court should approve the Named Plaintiff's requested Incentive Award and attorneys' fees and costs.

### A. THE COURT SHOULD APPROVE PLAINTIFF'S REQUESTED INCENTIVE AWARD

The requested incentive award should be approved here. Indeed, "since without the named plaintiff there can be no class action, such compensation may be necessary to induce [him] to participate in the suit." *In re Cont'l Ill Sec. Litig.*, 962 F. 2d 566, 571 (7th Cir. 1992). "Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *6 (N.D. Ill. Nov. 29, 2016) (internal citations omitted). Therefore, "incentive awards are commonly awarded to those who serve the interests of the class." *Id.* (citations omitted).

The Settlement Agreement includes an Incentive Award, styled an *Enhancement Award* for Plaintiff in the amount of $8,000.00, the Court preliminarily approved this amount, and the Notice informed Class Members that a service award of $8,000.00 would be sought. This award would represent approximately 2.1% of the fund, which is in line with the award benchmark of 2%. The requested service award is appropriate in this case and is less – in dollars and in percentage – than other services awards approved in class action cases. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (approving incentive award of 8.4 percent of the settlement fund to the class representative); *Abbott v. Lockheed Martin Corp.*, 06-CV-701-MJR-DGW, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) quoting *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23 ("Incentive awards are justified when necessary to induce individuals to become named representatives."). In *Abbott*, incentive awards of $25,000 were approved where the plaintiffs "initiated the action, took on a substantial risk, and remained in contact with Class Counsel. Additionally, and particularly relevant here, the *Abbott* court noted, "unlike in consumer and most other class actions, each Plaintiff was willing to alienate their employer, longtime friends loyal to Lockheed and current and future employers unlikely to embrace an employee who files an action against his employer." *Id.* and *see also*, *Nolte v. Cigna Corp.*, No. 2:07-cv-2046-HAB-DGB, 2013 U.S. Dist. LEXIS 184622, at *15 (C.D. Ill. Oct. 15, 2013) (noting "litigation against an employee's current or former employer carries unique risks and fortitude, including alienation from employers or peers.").

Here, the Plaintiff took substantial direct and indirect risk in bringing this suit. First, BIPA, has a fee-shifting statute could have required Plaintiff to pay Defendant's costs if it had prevailed. See, *Soto v. Wings 'r Us Romeoville*, No. 15CV10127, 2018 U.S. Dist. LEXIS 74361, at *7 (N.D. Ill. Apr. 16, 2018), *see also*, *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876 (7th Cir. 2012).

Second, Plaintiff indirectly risked alienating potential employers, friends, and former co-workers in filing this matter. *Velez v. Majik Cleaning Serv., Inc.*, No. 03-CV-8698, 2007 U.S. Dist. LEXIS 46223, at *7 (S.D.N.Y. June 25, 2007) (noting "in employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."). Further, Plaintiff also devoted his time and energy to helping Class Counsel develop this litigation through preliminary investigation of the facts asserted in the Class Action Complaint, finding other witnesses for Plaintiff's Counsel to interview, and assisting in settlement discussions when factual disputes arose. Accordingly, the requested Enhancement Award is supported by the facts and law and therefore, should be awarded.

## B. THE COURT SHOULD AWARD CLASS COUNSELS' ATTORNEYS' FEES AND COSTS

BIPA explicitly allows for the award of a reasonable attorneys' fees and costs as part of the Right of Action. 740 Ill. Comp. Stat. § 14/20(3). Like the incentive award, the Notice disclosed that Plaintiff's Counsel would seek payment of attorneys' fees and reimbursement of costs. In providing the estimated net benefit to the Settlement Class, a 40% attorney fee and cost estimate was utilized and Settlement Class Members will have the opportunity to objected or comment on counsel seeking their fees and costs as well as the contents of this Petition.

It is well settled that attorneys who, by their efforts, create a common fund for the benefit of a class are entitled to reasonable compensation for their services. *See Wendling v. S. Ill. Hosp. Servs.*, 242 Ill. 2d 261, 265 (2011) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)) ("a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). And here, Plaintiff's Counsel have worked toward the creation of a $376,200.00 Fund.

i.    **Class Counsel's Requested Fees Are Reasonable**

In cases where, as here, a class action settlement results in the creation of a settlement fund, "[t]he Illinois Supreme Court has adopted the approach taken by the majority of Federal courts on the issue of attorney fees[.]" *Baksinski v. Northwestern Univ.*, 231 Ill. App. 3d 7, 13 (1st Dist. 1992) (citing *Fiorito v. Jones*, 72 Ill.2d 73 (1978)).  That is, where "an equitable fund has been created, attorneys for the successful plaintiff may directly petition the court for the reasonable value of those of their services which benefited the class." *Id.* at 14 (citing *Fiorito*, 72 Ill.2d 73).  This rule "is based on the equitable notion that those who have benefited from litigation should share in its costs." *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) (*citing Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 252 (7th Cir. 1988)).

The requested fee award of $150,480.00 represents forty percent (40%) of the $376,200.00 Settlement Fund. This percentage is in line with the standard range of attorneys' fee awards that courts have found reasonable in other class action settlements.  In *Willis v. iHeartMedia Inc.*, attorneys' fees and costs of 40% of an $8,500,000 common fund was awarded in a class settlement. *See Willis*, No. 16-CH-02455 (Cook Cty.), August 11, 2016 Final Judgment and Order of Dismissal, at 5; *see also, e.g., Retsky Family Ltd. P'ship v. Price Waterhouse LLP,* No. 97 C 7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) (noting that a "customary contingency fee" ranges "from 33 1/3% to 40% of the amount recovered") (citing *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986)); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 599 (N.D. Ill. 2011) (same); *Sabon*, 2016 IL App (2d) 150263, at ¶¶ 59, 65 (affirming over objections an attorney fee award of 33% of the fund); *Sterk*, No. 2015-CH-08609 (approving attorneys' fee award in TCPA case of 35% of the fund); *Meyenburg v. Exxon Mobil Corp.*, No. 3:05-CV-15-DGW, 2006 WL 2191422, at *2 (S.D. Ill. July 31, 2006) ("33 1/3% to 40% (plus the cost of litigation) is the standard contingent fee

percentages in this legal marketplace for comparable commercial litigation"); Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 15.83 (William B. Rubenstein ed.; 5th ed.) (noting that fifty percent of the fund appears to be an approximate upper limit on fees and expenses).

### ii. The Requested Percentage of Attorneys' Fees is Appropriate Given the Significant Risks Involved in Continued Litigation.

The attorneys' fees sought in this case are particularly reasonable in light of the risks of bringing the litigation and the relief that Class Counsel have obtained for the Settlement Class. *See Sabon, Inc.*, 2016 IL App (2d) 150236, at ¶ 59 (upholding fee award based on percentage-of-the-fund in light of the "substantial risk in prosecuting this case under a contingency fee agreement given the vigorous defense of the case and defenses asserted by [the defendant]"); *Ryan*, 274 Ill. App. 3d at 924 (noting the trial court's fee award was reasonable given the funds recovered for the class and the contingency risk).

The Settlement in the instant case provides significant monetary relief to the Settlement Class Members. From the time of filing, through the time of settlement, the prosecution of this case was particularly risky and time consuming given the numerous defenses presented by Defendant, the unsettled nature of BIPA litigation, and Defendant's concern surrounding settlement.

Specifically, Defendant had taken the position that Plaintiff's claims were barred by the applicable statute of limitations, that no biometric information was collected. As a result, this litigation presented multiple hurdles to Plaintiff's ultimate success and Defendant would have strenuously defended the claims asserted had this Settlement not been reached. Without the Settlement, there would remain the distinct possibility that Defendant could succeed on any of its defenses to liability against Plaintiff's individual claims, which would result in Settlement Class

Members recovering nothing. As a result, a settlement providing for such a significant cash benefit is an excellent result.

Class Counsel's fee request compensates Class Counsel for the work performed and expenses incurred in this case, including the work necessary to effectuate this settlement. Class Counsel expended efforts in this case engaging in researching and drafting of Pleadings and a Motion for Class Certification, engaging in preliminary discovery, numerous discussions with Defense counsel ahead of settlement discussions as well as dozens of hours preparing and negotiating the salient points of the Settlement Agreement – all in addition to numerous hearings, settlement administration, and client communications. Further, Class Counsel will necessarily continue to spend time implementing the settlement by continuing to monitor the administration, preparing and arguing Final Approval, and overseeing the distribution of the Settlement Fund. Accordingly, these acts establish the significant work that Class Counsel have invested as reasonably necessary to vigorously prosecute the case and confirm the reasonableness of the award. *See Wal-Mart Stores*, 396 F.3d at 121 (The percentage method "provides a powerful incentive for efficient prosecution and early resolution of litigation.").

### i. The Court Should Also Award Class Counsel's Requested Reimbursable Litigation Expenses

As of now, Class Counsel has expended at least $460.47 in reimbursable as filing fees ($399.21) and service fees ($61.26) with the potential of more expenses yet to come. Courts regularly award reimbursement of the expenses counsel incurred in prosecuting the litigation. *See, e.g., Kaplan v. Houlihan Smith & Co.,* No. 12 C 5134, 2014 WL 2808801, at *4 (N.D. Ill. June 20, 2014) (awarding expenses "for which a paying client would reimburse its lawyer"); *Spicer v. Chicago Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1256 (N.D. Ill. 1993) (detailing and awarding

expenses incurred during litigation). The costs here, in light of the value of the Settlement, are *de minimis*.

Therefore, Class Counsel request the Court approve as reasonable the incurred expenses, a request which Defendant does not oppose. Accordingly, this Court should award total fees of $150,480.00 and expenses of 460.47 to Class Counsel.

## **CONCLUSION**

For the foregoing reasons, Plaintiff and his Counsel respectfully request that this Court Grant its Petition for Attorney's Fees and Costs and award the above discussed Incentive Award to Mr. Haenlein.

Date:   December 13, 2022

Respectfully Submitted,
By: */s/ Adam Florek*
Brandon M. Wise
Adam Florek
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
314-833-4825
bwise@peifferwolf.com
aflorek@peifferwolf.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2022, I filed the foregoing document with the clerk of the Court using the CM/ECF System, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

*/s/ Adam Florek*