**THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HAENLEIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22 cv 2849 |
| vs. | ) ) ) | Hon. Judge Manish S. Shah |
| REMINGTON SEEDS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## AGREED FINAL ORDER AND JUDGMENT

The Court, having considered the parties' Settlement Agreement and Release ("Settlement Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, and due notice having been given, hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action, the Plaintiff, the Class Members, and Remington Seeds, LLC.

3.      The Court incorporates and confirms as final its preliminary findings, conclusions and appointments as reflected in the Preliminary Approval Order.

4.      The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel.  The Court grants final approval of the Settlement, including without limitation the releases and other terms and the release applicable to Plaintiff, as fair, reasonable, and adequate as to the Parties and Qualified Class Members (collectively, the "Settling Parties") and in their best interests considering the factual, legal, practical, and procedural considerations

raised by this case. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons who have properly excluded themselves from the Class) shall be bound by the Settlement Agreement, including being subject to the Released Claims set forth in the Settlement Agreement.

4. The Court finds that there were neither objections nor requests for exclusion from the Class and the Settlement and therefore no individuals are excluded from the Settlement Agreement.

5. The Court finds that the procedures for notifying the Class Members about the Settlement, including the Notice attached to the Settlement Agreement as Exhibit A, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice provided adequate, due, sufficient and valid notice of the Settlement.

6. The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class is finally certified for settlement purposes only as follows: all persons who, using their finger, registered to use an alleged "biometric" timekeeping system while working for Defendant in Illinois from April 22, 2017 through November 4, 2022, except that any individual who timely and properly submitted a valid request for exclusion shall not be included in the Class. The Court finally, and for settlement purposes only, appoints Plaintiff Michael Haenlein as class representative and Brandon Wise, Paul Lesko, and Adam Florek of Peiffer Wolf Carr Krane Conway & Wise, LLP, 818 Lafayette Ave., Floor 2, St. Louis, MO 63104 as Class Counsel.

7.     Analytics Consulting LLC is confirmed as the Settlement Administrator and will be paid consistent with the Settlement Agreement

8.     The Litigation is dismissed on the merits and with prejudice (and without costs to any Party), permanently barring Plaintiff and all other Qualified Class Members from filing, commencing, prosecuting, or pursuing Released Claims against the Releasees (including, as to Plaintiff, those claims associated with his release) in accordance with Section 3.7 of the Settlement Agreement whether or not on a class action basis, or participating in any class action involving such claims.

9.     Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved as follows:  Pursuant to the terms of the Settlement Agreement, Class Counsel is hereby awarded **$150,480.00** for attorneys' fees and reimbursable litigation costs and expenses NOT TO EXCEED $7,500.00, which the Court finds were reasonably incurred in prosecution of this case.

9.     The Enhancement Award for Plaintiff, as set forth in Section 3.3 of the Settlement Agreement, is approved in the amount of **$8,000.00** pursuant to the terms of the Settlement Agreement to compensate him for his unique services in initiating and maintaining the Litigation.

10.     The Court finds that the amounts associated with any uncashed settlement checks to Qualified Class Members shall be paid to the United Way as a *cy pres* payment.

11.     Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or Releasees of any liability, culpability, negligence, misconduct or other wrongdoing toward Plaintiff, the Class Members, Releasors, or any other person, or that class action

certification is appropriate in this or any other matter except for purposes of the Settlement. There has been no determination by any Court as to the merits of the claims asserted by Plaintiff against Defendant or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in this Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant or Releasees. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with this Settlement, shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of the Released Claims as set forth in the Settlement Agreement. This Final Order and Judgment is not a determination of any wrongdoing by Defendant or the Releasees.

12.     Plaintiff and Qualifying Class Members, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class action basis in any action, claim or proceeding against Defendant or Releasees in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished or which would assert any claims settled or released herein; or seeking, whether on a conditional basis or not, certification of a class action that involves any such claims.

13.     As set forth in Section 3.7 of the Settlement Agreement, as of the entry of this Final Order and Judgment, the Settlement Class Representative and all Class Members, and each of their respective current, former and future heirs, assigns, spouses, children, beneficiaries, conservators, executors, administrators, attorneys and agents, affiliates, and all other persons or entities acting by, through, under or in concert with any of them (defined in the Settlement Agreement as the

4

"Releasors") are deemed to have irrevocably released Defendant and its respective past, present and future parents, subsidiaries, affiliates, predecessors, successors, assigns, holding companies, divisions, shareholders, principals, owners, members, trustees, administrators, executors, directors, officers, managers, employees, independent contractors, agents, board members, partners, attorneys, insurers, reinsurers, accountants, financial and other advisors, investment bankers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), underwriters and lenders, and each of their respective past, present and future parents, subsidiaries, affiliates, predecessors, successors, assigns, employees and agents, all other persons and entities acting by, through, under or in concert with any of the foregoing, and any other individual or entity that could be jointly liable with any of them (defined in the Settlement Agreement as "Releasees") from all claims arising out of the allegations in the Litigation, including claims that were litigated in the Lawsuit or that could have been brought in the Lawsuit, whether known or unknown, arising from or related to the same nucleus of facts, or that relate in any way to the alleged non-compliance with BIPA, as alleged in the Litigation, and/or the alleged scanning, capture, collection, storage, possession, transmission, purchase, receipt through trade and otherwise, sale, lease, profit, disclosure, re-disclosure, dissemination, transmission, conversion, notice and/or use of biometric identifiers, biometric information or other biometric data in connection with Defendant's alleged biometric time tracking system or time clock from the beginning of time through the date of Final Approval.

14.     As set forth in Section 3.7 of the Settlement Agreement, as of the date of the Final Order and Judgment the Settlement Class Representative is deemed to have released the Released Parties from any and all claims or causes of action, whether known or unknown, he could have asserted against the Released Parties from the beginning of time through the date of Final

Approval. Specifically, the Settlement Class Representative is deemed to have knowingly and voluntarily released and forever discharged, to the full extent permitted by law, the Released Parties of and from any and all claims, known and unknown, asserted and unasserted, the Settlement Class Representative has or may have against the Released Parties as of the date of execution of the Settlement Agreement, including, but not limited to, any claim for fees/costs, liquidated damages, and penalties; all claims arising under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Fair Labor Standards Act, as amended, and all other state and local wage and hour and wage payment laws and common law theories, including without limitation any claim for unpaid wages, severance pay, commissions, and bonuses; all claims of discrimination, harassment, or retaliation based on race, age, national origin, ancestry, color, religion, sex (including sexual harassment), sexual orientation, physical or mental disability or medical condition, or any other characteristic protected by law, including without limitation claims under the Illinois Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, the National Labor Relations Act, as amended, the Equal Pay act, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. Section 1981, the Employee Retirement Income Security Act, as amended, and any other Federal, State, or municipal statute, order, regulation, or ordinance on account of, or any damages or injury related to or in any way growing out of, Plaintiff's contact with, employment with, treatment at, wages from, or separation of employment from Defendant or the Releasees, and all claims arising under common law, including, but not limited to, tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any damages or injury

related to or in any way growing out of, Plaintiff's contact with, employment with, treatment at, compensation from, or separation of employment from Defendant or involvement of Defendant or the Releasees in any way. Notwithstanding the above, nothing in this release is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.

15. The Releases above apply to unknown claims, which are claims that could have been raised in the Action and that Plaintiff, any member of the Class or any Releasor do not know or suspect to exist, which, if known by him, her, or it, might affect his, her or its agreement to release the Releasees or the Released Claims or might affect his, her or its decision to agree, to object or not to object to the Settlement. By this Order, Plaintiff, the Class, and the Releasors shall be deemed to have, and shall have, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law; the law of any state, the District of Columbia or territory of the United States; or any principle of common law which is similar, comparable or equivalent to Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff, the Class, and the Releasors may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but they nonetheless forever settle and release the Released Claims, notwithstanding any unknown claims they may have.

16.     The Parties are ordered to carry out the Settlement as provided in the Settlement Agreement.  The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17.     The Court finds that there is no just reason to delay the enforcement of this Final Order and Judgment.  Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment pursuant to any procedure applicable for such final order and judgment.

18.     The Parties, without further approval from the Court, are hereby permitted to agree to such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Class Members.

IT IS SO ORDERED.

DATED: __March 6, 2023_____

_____
Honorable Manish S. Shah